IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DOYLE WALTON and
CAROLYN WALTON                                                                                PLAINTIFFS

v.                                              Case No. 1:13-cv-01081

ALBERT K. MILLS, III and
SAB INC.                                                                                      DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before this Court is Plaintiffs' Motion to Remand (ECF No. 7) and Plaintiffs' Supplemental Motion to Remand. ECF No. 12. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred these Motions to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends Plaintiffs' Motion to Remand (ECF No. 7) and Plaintiffs' Supplemental Motion to Remand (ECF No. 12) be **DENIED.**

1.  **Background**

Plaintiffs brought suit against Defendants Mills and SAB, Inc. on September 20, 2013 in the Circuit Court of Ashley County, Arkansas. ECF No. 3. Plaintiffs allege Defendant Mills was negligent and proximately caused them injury. *Id.* Plaintiffs allege Defendant Mills was an employee or agent of Defendant SAB, Inc. and Defendant SAB, Inc. is vicariously liable for Defendant Mills' actions. *Id.* Plaintiffs seek compensatory and punitive damages. *Id.* Finally, Plaintiffs, who are citizens of State of Arkansas, also allege Defendant Mills is a citizen of the State of Arkansas and Defendant SAB, Inc.'s principal place of business is in the State of Arkansas. *Id.*

Defendants answered and denied the allegations that they reside in Arkansas or have a principal place of business in Arkansas. ECF No. 4.

Thereafter, on October 31, 2013, Defendants filed a Notice of Removal with this Court and removed Plaintiffs' action to the United States District Court for the Western District of Arkansas, El Dorado Division. ECF No. 1. On November 20, 2013, Plaintiffs filed a Motion to Remand. ECF No. 7. On February 18, 2014, Plaintiffs filed a Supplemental Motion to Remand. ECF No. 12. With these Motions, Plaintiffs claim remand to the Circuit Court of Ashley County, Arkansas is appropriate because no diversity of citizenship exists because Defendant Mills is a citizen of the State of Arkansas and Defendant SAB, Inc.'s principal place of business is in Arkansas. *Id.*

On December 11, 2013, Defendants responded to Plaintiffs' Motion to Remand. ECF No. 10, 11. On March 4, 2013 and March 13, 2014, Defendants responded to Plaintiffs' Supplemental Motion to Remand. ECF No. 13, 14. In these responses, Defendants argue this case should not be remanded because "there is complete diversity between the plaintiffs and defendants and the amount in controversy exceeds $75,000.00." *Id.*

The Court held a hearing on these Motions on May 29, 2014 in Texarkana, Arkansas. Plaintiffs and Defendants were represented by counsel at this hearing and presented arguments on these Motions. These Motions are now ready for decision.

**2.      Applicable Law**

The procedure to remove a civil action from a state court to a federal court is governed by 28 U.S.C. § 1441 (2011). Under this statute, only civil actions "which the district courts of the United States have original jurisdiction" may be removed. *Id.* § 1441(a). Under the current facts, the "original jurisdiction" of this case is purportedly based upon diversity of citizenship. *See* 28

U.S.C. § 1332 (2011).

Diversity of citizenship requires two showings: (1) an amount in controversy exceeding $75,000 and (2) citizenship of "different States." 28 U.S.C. § 1332(a). Both showings must be made in order for a state court action to be properly removed on the basis of diversity of citizenship. *See id.*

**3.    Discussion**

As noted above, Plaintiffs attack removal on one ground. They argue complete diversity does not exist as to either Defendant Mills or SAB, Inc. ECF No. 7 and 12. There is no issue regarding the amount in controversy exceeding $75,000.

Generally, the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir.1993). As noted above, federal diversity jurisdiction "requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *In re Prempro Prods. Liabl. Litig.*, 591 F.3d 613, 619–20 (8th Cir.2010). The party asserting federal diversity jurisdiction has the burden of proving diversity by a preponderance of the evidence. *Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

**A.  Mills**

In the Motion to Remand, Plaintiffs contend Defendant Mills is a citizen of the State of Arkansas based on a June 26, 2013 UCC filing that lists his mailing address as 303 Curry Road, Parkdale, Arkansas. ECF No. 8. Plaintiffs further state Mills was served with the complaint at a dwelling at 303 Curry Road, Parkdale, Arkansas and that neighbors say he lives there. *Id.*[1]

---

[1] Counsel for Plaintiffs admitted at the hearing that it is unknown who prepared the UCC filings relied on and he is unable to state they were prepared by Mills.

According to the Affidavit of Defendant Mills, he is a citizen of the State of Louisiana. Mills states he has resided in the State of Louisiana since his childhood; is registered to vote in the State of Louisiana; pays individual income taxes in the State of Louisiana; pays real and personal property taxes in the State of Louisiana; licenses his personal vehicles in the State of Louisiana; insures his personal vehicles in the State of Louisiana; and is not a citizen of the State of Arkansas and never has been. ECF No. 1-4. Mills also states he is licensed to drive in the State of Louisiana. ECF No. 10-1. As for the home located at 303 Curry Road, Parkdale, Arkansas, Mills states he has spent the night at that home from time to time out of convenience for his work in agriculture, but does not own the home. *Id.*

Plaintiffs have failed to establish Defendant Mills is a resident of the State of Arkansas. To begin with, it is not known who prepared the UCC filing relied on by Plaintiffs and Plaintiffs are unable to show the filing was prepared by Mills. Furthermore, the fact that Mills was served in Arkansas also fails to establish residency in Arkansas as does the hearsay statements of the "neighbors." Finally, Mills, through his own affidavit, has established by a preponderance of the evidence, that he is in fact a resident of the State of Louisiana.

### B. SAB, Inc.

For diversity purposes, a corporation may be the citizen of two states: the state in which it is incorporated and the state in which it maintains its principal place of business. *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.*, 367 F.3d 831, 835 (8th Cir.2004) (citing 28 U.S.C. § 1332(c)(1). Here, the evidence shows Defendant SAB Inc. is incorporated in Louisiana and has its principal place of business in Louisiana.

Plaintiffs contend Defendant SAB, Inc. is a citizen of the State of Louisiana based on similar

UCC filings as relied on for Defendant Mills, that list its mailing address as 303 Curry Road, Parkdale, Arkansas. ECF No. 7. Some of these documents show SAB, Inc. to have an address of 303 Curry Road, Parkdale, Arkansas, however, others show SAB, Inc. to be incorporated in Louisiana and having a Louisiana address. *Id*. Also, as noted above, it is not known who prepared the UCC filing relied on by Plaintiffs. Plaintiffs also offer that its owner, Sandra A. Black, was served with the complaint at 303 Curry Road, Parkdale, Arkansas and neighbors say she lives there. *Id*. Finally, Plaintiffs also argue Arkansas Sales Tax Exemption forms show Defendant SAB, Inc. with addresses in Arkansas and that this supports their claims that SAB, Inc. is an Arkansas corporation. ECF No. 12.

Sandra Black, owner of Defendant SAB, Inc., states in her affidavit, SAB, Inc. was organized under the laws of the State of Louisiana; has its principal place of business is in Louisiana; the headquarters are located at 7154 Highway 17 South, Delhi, Louisiana; she directs, controls, and coordinates SAB, Inc.'s finances from that address; she directs, controls, and coordinates SAB, Inc.'s lease of personal property from that address; she directs, controls, and coordinates SAB, Inc.'s lease of real property from that address; and that address is the center of direction, control, and coordination of SAB, Inc. ECF No. 1-5.

Plaintiffs have failed to establish Defendant SAB, Inc. is a resident of the State of Arkansas. As with Mills, it is not known who prepared the UCC filing relied on by Plaintiffs and Plaintiffs are completely unable to show the filing was prepared by or on behalf of SAB, Inc. Furthermore, the fact that Sandra Black, owner of SAB, Inc., was served in Arkansas also fails to establish residency in Arkansas as does the hearsay statements of the "neighbors."

Likewise, the Arkansas Sales Tax Exemption forms relied on by Plaintiff that state Defendant

SAB, Inc. with addresses in Arkansas, fail to establish Plaintiffs' claims. To begin with, some of the forms actually state SAB, Inc. is a Louisiana corporation. ECF No. 12-1, Pg. 10 and 21. Furthermore, as stated by SAB, Inc. the forms relied on by Plaintiff are prepared by equipment dealers and the addresses referenced is where the equipment is delivered, which in this case was Arkansas. Further, there is no indication that a corporation must be an Arkansas corporation to claims the sales tax exemption.

Finally, Sandra Black, owner of SAB, Inc. through her affidavit, has established by a preponderance of the evidence, that SAB, Inc. is in fact incorporated under the laws of Louisiana and maintains its principal place of business in Louisiana.

4. **Conclusion**

Based upon the foregoing, the Court recommends Plaintiffs' Motion to Remand (ECF No. 7) and Plaintiffs' Supplemental Motion to Remand (ECF No. 12) be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 5th day of June 2014.

                                          /s/ Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          U.S. MAGISTRATE JUDGE